# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| COMCO-ONE WORLD, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:16-cv-01970 |
| | ) | Judge Trauger |
| DAYJON, INC. *an Alabama Corporation* and JOHN TAYLOR, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

On September 9, 2016, the plaintiff filed a Motion for Summary Judgment (Docket No. 9), to which no response has been filed. This motion and accompanying documents were mailed to both defendants, who have not yet entered an appearance of record in this case (Docket No. 9 at 3).

The court may not grant the plaintiff's motion solely on the grounds that the defendants have failed to respond to the motion. See *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614 (6th Cir. 1998).

As the Sixth Circuit stated:

> [A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [his initial] burden . . . . The federal rules require that the party filing a motion for summary judgment always bears the burden of demonstrating the absence of a genuine issue as to a material fact.

*Id.* (citing *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). The court, therefore, will consider whether the plaintiff has met its burden under the summary judgment standard. Pursuant to Local Rule 56.01(g), the court construes the plaintiff's Statement of Material Facts (Docket No. 10) as not

disputed for purposes of a decision on this motion, because they have not been responded to by the defendants.

The plaintiff, ComCo-OneWorld, Inc. ("ComCo") has established that defendant Dayjon Inc. executed an Equipment Financing Agreement on October 31, 2014 to secure a loan in the amount of $575,100.00 and was required to make monthly payments in the amount of $12,330.71. Defendant John Taylor executed a personal Guaranty of the Equipment Financing Agreement, guaranteeing the payments thereunder. Neither defendant has made any payments under the Financing Agreement since December 31, 2015. Under the Financing Agreement, plaintiff ComCo is entitled to declare the entire unpaid obligation due and payable and to recover its costs and expenses, including attorney's fees and costs. The plaintiff has demonstrated by its filings that there is no genuine issue as to any material fact.

It is therefore ORDERED that plaintiff ComCo is awarded a judgment in the amount of $589,407.98, plus any additional applicable interest, attorney's fees and costs. The plaintiff shall make application for these additional monies within 30 days of the entry of this Order.

It is so **ORDERED**.

ENTER this 19th day of October 2016.

_____
ALETA A. TRAUGER
U.S. District Judge